# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MANUEL GODINEZ, | CASE NO. 15cv2438-LAB (BLM) |
|---|---|
| Plaintiff, | **ORDER OF REMAND** |
| vs. | |
| JESUS REYES, et al., | |
| Defendants. | |

This unlawful detainer action was filed in state court. Elisa Flores, who is not named as a defendant in the complaint, but who filed a prejudgment claim of right to possession, removed this action. The notice of removal identifies federal question as the basis for this Court's exercise of jurisdiction. The notice of removal argues that Defendants were authorized to withhold rent because of Plaintiff's violation of federal housing law.

It is well-established that federal question jurisdiction only exists where the federal question appears on the face of the complaint. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974) (*per curiam*). Defenses or counterclaims based on federal law do not confer federal jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir.1985). Here, the complaint raises only state-law claims. Even if the Court were allowed to consider Flores' claim, it also arises under state law; federal law does not create her claim, nor does her claim require

resolution of a substantial federal question. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

It is clear the parties are not diverse, nor does the amount in controversy support diversity jurisdiction. Nor is any other basis for this Court's exercise of jurisdiction apparent. This case must therefore be remanded. *See* 28 U.S.C. § 1447(c).

Flores' motion for leave to proceed *in forma pauperis* is **DENIED AS MOOT** and this action is **REMANDED** to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: November 3, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge